# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES PRATER,                                  Case No. 1:12-cv-441
      Petitioner,

                                  Bertelsman, J.

      vs.                                    Bowman, M.J.

WARDEN, CHILLICOTHE                 **REPORT AND**
CORRECTIONAL INSTITUTION,           **RECOMMENDATION**
      Respondent.

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss and petitioner's response in opposition. (Docs. 9, 10).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On November 29, 2006, the Scioto County, Ohio, grand jury returned an indictment charging petitioner with one count of Robbery in violation of Ohio Rev. Code § 2911.02 and one count of Possessing Criminal Tools in violation of Ohio Rev. Code § 2923.24. (Doc 9, Ex. 2).

On January 10, 2007, petitioner pled not guilty to the charges in the indictment. (Doc. 9, Ex. 3). Petitioner changed his plea and entered a guilty plea to the count of Robbery on January 29, 2007. (Doc. 9, Ex. 4). On February 6, 2007, petitioner was sentenced to an agreed sentence of six years of imprisonment. (Doc. 9, Ex. 6).

Petitioner did not pursue an appeal from his conviction or sentence in the state courts.

### Motions for Judicial Release

On January 12, 2011, nearly four years later, petitioner filed the first of three motions for

judicial release with the Scioto County Court of Common Pleas.   (*See* Doc. 9, Ex. 7, 9, 11).   The

court denied each of petitioner's motions.   (Doc. 9, Ex. 8, 10, 12).

### Federal Habeas Corpus

On June 6, 2012, petitioner filed the instant federal habeas petition.   (Doc. 1).   Petitioner

raises the following two grounds for relief:

**GROUND ONE**: Void Commitment Papers

Supporting Facts:   In my illegal case No: 06-CR-1652 exceptional circumstances
exist to require prompt federal intervention from your U.S. Court.   The warden
he[re] at C.C.I. is holding me in custody under void commitment papers see
exhibits A through H in violation of the United States Constitution.   From my
illegal Judgment and Conviction my complaint form filed November 28, 2006
original copy Exhibit A.   Case No: 06-CRA-3056 states charge Robbery F3 and a
F3 carr[ie]s 1 year to 5 years in violation of Section 2911.02A3 but in my judgment
entry of conviction Exhibit G they gave me a prison term of 6 year.   This action
violates the Act of Congress under the 25th section of the Act of 1789.
Jurisdiction for review that is so pray for.   Praying for the writ of error or appeal to
be issued on my Case No: 06-CR-1652 and Complaint No. 06-CRA-3056 Exhibit
A.

I am also claiming 373 US 83 Brady v. Maryland – demands that a state turn over
evidence that would be favorable to the defendant and material to his innocen[ce].
The state never turned over evidence favorable to me James Prater because I never
had a gun and did not write I had a gun on anything.   I did not write any note at all.

**GROUND TWO**:   Void Judgment

Supporting Facts: My trial No: 06-CR-1652 violates the Act of Congress with
indictment Exhibits A through H.   I am claiming the 25th Section of the Act of
1789 which autho[rizes] the "removal" of a case by write of error on appeal from
the Highest Court.   A complaint can be carr[i]ed which is the court of common
pleas of a state to the supreme court of the United states has jurisdiction to review
judgment of decree of a state court under Judiciary Act of 1789 § 25 USCA §§
1257, 2103, 2106 "whenever" a right had been claimed under the constitution or
laws of the United States, and the decision of the state court was against it.   My
complaint No: 06-CR-3056 ex[h]ibit A states the original charge of Robbery F-3 1
year to 5 years section 2911.02A3 and the state illegally changed the charge to
section 2911.02(A)2 a felony of the second degree exhibits E, F, G, and H in my
Indictment and Judgment of Conviction.   Ex[h]ibits B, C and D and E through H
and the note to the Bank teller is void and a forgery because I never wrote any note

on paper or anything about a gun or saying I had a gun again.   Also claims 373 US 83 Brady v Maryland demands that a state turn over evidence that would be favorable to the defendant and material to his innocen[ce].   The Act of Congress is supreme law over the state and federal judges relief is so prayed for from this unlawful confinement.   I never had a evidentiary hearing on my illegal case 06-CR-1652 my Judgment and Conviction with teller note forged is an absolute nullity and my case No. 06-CR-1652 requires the habeas corpus my [w]hole case is illegal and violates the Act of Congress under the 25th section of the Act of 1789.

(Doc. 1).

Respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).   (Doc. 9).   In the alternative, respondent contends petitioner's claims are procedurally defaulted.[1]   *Id.* at 9- 14.

## II.    RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1]  It appears that petitioner procedurally defaulted his claims for relief by failing to appeal his conviction and sentence to the Ohio Court of Appeals and Ohio Supreme Court.   However, because the Court finds the petition time-barred it need not address the alternate basis for granting respondent's motion to dismiss.

28 U.S.C. § 2244(d)(1).   Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims.   Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial proceedings.   Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), the statute of limitations began to run on March 8, 2007, when petitioner's conviction became final by the expiration of the 30-day period for filing an appeal as of right from the trial court's February 6, 2007 final judgment entry.   *See* Ohio R. App. P. 4(A). The statute commenced running on March 9, 2007, one day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 9, 2008, absent the application of statutory or equitable tolling principles.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case.   During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.   *See* 28 U.S.C. § 2244(d)(2).   *See also Holland v. Florida,* — U.S. —,

4

130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). However, even if the Court could conclude that petitioner's motions for judicial release were properly filed, he would not be entitled to statutory tolling because he did not file his motions during the limitations period. As noted above, the limitations period expired on March 9, 2008. Petitioner filed the first of his three motions for judicial release on January 12, 2011, long after the one-year limitations period had expired. Accordingly, it appears the petition is time barred unless petitioner is entitled to equitable tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *petition for cert. filed,* Nos. 11-10643, 11A869 (U.S. Apr. 25, 2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner failed to appeal his conviction to the Ohio Court of Appeals or Ohio Supreme Court. Moreover, petitioner waited nearly four years after the trial court's final judgment entry to file his motions for judicial release and over five years to file the instant habeas petition. Petitioner's delays in pursuing relief in the state courts and in initiating this federal habeas action demonstrate that he has not acted with the degree of diligence necessary to trigger equitable tolling concerns. Second, petitioner has not argued that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Finally, petitioner has argued that his petition is not time-barred or procedurally defaulted because his conviction and sentence violate the Act of Congress under the 25th Section of the Act of 1789. (*See* Doc. 1, CM/ECF p. 6; Doc. 10, p. 1). According to petitioner, "[n]o claims are time-barred or procedurally defaulted when claiming the Bill of Rights under the Act of Congress." (Doc. 10, p. 1). However, as the Court noted in *Morgan v. Robinson*, Case No. 3:12-cv-254, 2012 WL 3114894, at *1 (S.D. Ohio July 31, 2012) (Report and Recommendation), *adopted* (S.D. Ohio November 10, 2012), petitioner's claim is without merit:

> [Petitioner] apparently believes he can avoid the exhaustion doctrine, the procedural default doctrine, and the statute of limitations (which was fatal to his prior case) by pleading that he brings his case solely under "the 25th section of the Judiciary Act of 1789 wholly under the Act of Congress. No claims are time barred or procedurally defaulted nor do [sic] a defendant has to exhaust state remedies when claiming under the 25th section of the Judiciary Act of 1789. Again, wholly under the Act of Congress." (Petition, Doc. No. 1, PageID 5). Title 28 of the United States Code was enacted as positive law by the Act of June 25, 1948, thereby repealing prior law dealing with the subject matter of the Judicial Code. Thus the Judiciary Act of 1789 is no longer law in the United States. In any event, § 25 of the Judiciary Act of 1789 conferred jurisdiction on the Supreme

Court, and not on the district courts; even if it were still the law, it would not support jurisdiction of this Court over this case.

*Id.*; *see also Tackett v. Warden*, Case No. 1:11-cv-450, 2012 WL 3023260, at *2 (S.D. Ohio July 24, 2012) (rejecting petitioner's contention that his claims were not time-barred because they could be reviewed under the 25th Section of the Judiciary Act of 1789).

Accordingly, in sum, the undersigned concludes that the instant petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 9) should be **GRANTED**, and the instant habeas corpus petition (Doc. 1), filed after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1.   Respondent's motion to dismiss (Doc. 9) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2.   A certificate of appealability should not issue with respect to the statute of limitations issue addressed herein because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[2]

3.   With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.   *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2]  Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief.  *See Slack*, 529 U.S. at 484.

8

# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

JAMES PRATER,                          Case No. 1:12-cv-441
      Petitioner,

                                         Bertelsman, J.

  vs.                               Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party′s objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).